1
2
3
4
5
6
7
8
9
10

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17

MICHAEL JOSEPH PAGALING,

                    Plaintiff,

        v.

DR. TRIHN,

                    Defendant.

Case No. 23-cv-00432 BLF

**ORDER OF DISMISSAL; DENYING
PENDING MOTIONS AS MOOT**

(Docket Nos. 2, 3, 4)

18    Plaintiff, a state prisoner at the Napa State Hospital ("NSH"), filed a civil rights

19  complaint against Dr. Trihn Doe.  Dkt. No. 1.  Plaintiff filed various motions, Dkt. Nos. 2,

20  3, 4, and a motion for leave to proceed *in forma pauperis* which will be addressed in a

21  separate order, Dkt. No. 5.

22

23                              **DISCUSSION**

24  **A.    <u>Standard of Review</u>**

25        A federal court must conduct a preliminary screening in any case in which a

26  prisoner seeks redress from a governmental entity or officer or employee of a

27  governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any
28

cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See id.* § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.  <u>Plaintiff's Claims</u>**

Plaintiff asserts claims of "negligence/malpractice" against Defendant Dr. Trihn, for the deficient care he provided for Plaintiff's bladder infection.  Dkt. No. 1 at 3.  Plaintiff claims that while on unit T-16, he complained about a bladder infection and an infection around his catheter, but that Dr. Trihn told him it was normal.  *Id.* at 7.  After he arrived on Unit T-11, Dr. Zong found and confirmed both infections.  *Id.*  Plaintiff states he "feel[s] it was a malicious act making me suffer for several months with headaches and pain, from these infections."  *Id.*  Plaintiff claims he told Dr. Trihn several times about his headaches and diarrhea, but that Dr. Trihn told him he was getting older and it was normal.  *Id.*  Plaintiff seeks damages through a settlement in this Court.  *Id.* at 6.

The Court notes that Plaintiff already attempted to pursue this claim in a previous action, *Pagaling v. Napa State Hospital, et al.*, Case No. 22-cv-02202 BLF (PR)[1] ("Case No. 22-cv-02202").  In that action, Plaintiff alleged a claim under the Americans with Disabilities Act ("ADA") and a gross negligence against several medical staff.  *Id.*, Dkt. No. 1.  Because the state claim was deficiently plead, Plaintiff was granted leave to amend

---

[1] The papers filed in this action refer to "previously case #22-cv-05277 BLF."  Dkt. No. 1 at 9; Dkt. No. 2 at 1; Dkt. No. 3 at 1; Dkt. No. 4 at 1.  However, the complaint in that action involves allegations regarding the lack of air-conditioning during times of excessive heat in September 2022.  *Pagaling v. Napa Staet Hospital*, Case No. 22-cv-05277 BLF (PR), Dkt. No. 1.

that claim, such that the Court could exercise supplemental jurisdiction. *Id.*, Dkt. No. 16. Meanwhile, Plaintiff filed another action containing the same ADA claim as in Case No. 22-cv-02202, and is proceeding therein. *See Pagaling v. Napa State Hospital, et al.*, Case No. 22-cv-04483 BLF (PR) ("Case No. 22-cv-04483").  Plaintiff then filed an amended complaint in Case No. 22-cv-02202, which did not include the ADA claim and only a gross negligence claim against Dr. Trihn regarding the medical care for Plaintiff's bladder. Case No. 22-cv-02202, Dkt. No. 17.  As such, there was no basis for federal jurisdiction over an action which now contained only a state law claim. *Id.*  Accordingly, the Court dismissed Case No. 22-cv-02202 for lack of jurisdiction and directed Plaintiff to pursue the gross negligence claim in state court. *Id.*, Dkt. No. 21.

Here, Plaintiff has again filed that same gross negligence claim against Dr. Trihn which was dismissed for lack of federal jurisdiction in Case No. 22-cv-02202.  Moreover, it appears that Plaintiff did file a state action, as he refers to the state court "drop[ping]" other defendants from the lawsuit and "recommend[ing him] to pursue Dr. Trihn only." Dkt. No. 1 at 9-10.  Under the "Request for Relief," Plaintiff states the following:

> I am seeking 50,000 dollars from doctor Trihn since the state decided to dismiss the hospital and nurses from the original complaint, therefore directing me to [pursue] Dr. Trihn. Therefore I am filing for a judicial arbitration due from the court already being well aware of this case in case #22-cv-02202. Therefore asking the court to save time and money and decide this case and settlement on my behalf, putting my trust in the court and judge.

Dkt. No. 1 at 6.

This action contains no cognizable claim under § 1983.  As the complaint clearly indicates, Plaintiff is only pursuing a "negligence/malpractice" claim against Dr. Trihn against whom he seeks a settlement. Dkt. No. 1 at 1.  Accordingly, there is no basis for federal jurisdiction over this state law claim by which the Court could order settlement proceedings.  Plaintiff must seek remedies in state court.

United States District Court
Northern District of California

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CONCLUSION**

For the foregoing reasons, this action is **DISMISSED** for lack of federal

jurisdiction.  In light of this dismissal, Plaintiff's pending motions for judicial arbitration,

to quash summons, and for a subpoena are DENIED as moot.  Dkt. Nos. 2, 3, 4.

The Clerk shall terminate all pending motions and close the file.

**IT IS SO ORDERED.**

Dated:  __**May 22, 2023**_____

_____
BETH LABSON FREEMAN
United States District Judge

Order of Dismissal
P:\PRO-SE\BLF\CR.22\05277Pagaling_dism(juris)